UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                                          :

**RAMON M. CORA**,

                   Plaintiff,

                             : **MEMORANDUM AND ORDER**

       – against –                : 23-CV-9508 (AMD) (LB),
                                            23-CV-9509 (AMD) (LB)

**THE BROOKLYN FAMILY COURT** and **NYC CHILD SUPPORT HUMAN RESOURCES**,     :

                 Defendants.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       On December 26, 2023, the *pro se* plaintiff Ramon Cora brought these two actions against Brooklyn Family Court (No. 23-CV-9508 ("Brooklyn Family Court Action")) and NYC Child Support Human Resources (No. 23-CV-9509 ("NYC Child Support HR Action")). His applications to proceed *in forma pauperis* are granted. (Brooklyn Family Court Action, ECF No. 2; NYC Child Support HR Action, ECF No. 2.) The Clerk of Court is directed to consolidate these actions. For the reasons explained below, the consolidated action is dismissed without prejudice. The plaintiff is granted leave to file an amended complaint within 30 days after the entry of this order.

## BACKGROUND

       The plaintiff brings both actions on the basis of federal question jurisdiction and asserts a general claim of "discrimination" in each complaint. (*See* Brooklyn Family Court Action, ECF No. 1 at 4; NYC Child Support HR Action, ECF No. 1 at 4.)[1] In the action against the Brooklyn

---

[1] The plaintiff uses varying capitalization throughout both complaints. The Court has modified the quotations from the complaints to employ standard capitalization.

Family Court, the plaintiff alleges that the Court was "taking money" from him to pay child support "that [he] didn't owe" because he "was receiving S.S.I." (Brooklyn Family Court Action, ECF No. 1 at 5.) The payments were for "[his] children to live with [their] mother in Brooklyn," "but [his] children were living in Manhattan" or Queens. (*Id.*) In his action against NYC Child Services Human Resources, the plaintiff alleges that he has suffered "financial loss" and is "homeless" because money has "been taken right from [his] check." (NYC Child Services HR Action, ECF No. 1 at 5.) The Court interprets the complaints to assert claims under 42 U.S.C. § 1983, alleging that the defendants have violated the plaintiff's rights by improperly garnishing his supplemental security income ("SSI") for child support obligations.

The plaintiff seeks unspecified relief for "pain [and] suffering," "mental anguish," and "financial hardship." (NYC Child Services HR Action, ECF No. 1 at 6; *see also* Brooklyn Family Court Action, ECF No. 1 at 6.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the

2

plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Nevertheless, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

### I. The Plaintiff's Claims Are Barred Against The Defendants

#### a. Brooklyn Family Court

The plaintiff's claims against the Brooklyn Family Court must be dismissed on Eleventh Amendment immunity grounds. The Brooklyn Family Court is part of the New York State Unified Court System, which is "an arm of the State" of New York." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Id.* at 366 (citation omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity when it enacted Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (citations omitted). Therefore, the Brooklyn Family Court is "protected

by Eleventh Amendment sovereign immunity," and the plaintiff's claim against it must be dismissed. *Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"); *Gonzalez v. Dobbs Ferry Village*, No. 22-CV-7617, 2022 U.S. Dist. LEXIS 186674, at *7–8 (S.D.N.Y. Oct. 11, 2022) (dismissing claims against the Bronx Family Court because the Court was entitled to Eleventh Amendment immunity).

      b.      "NY Child Support Human Resources"

The plaintiff also names "NY Child Support/H.R.," located at 330 Jay Street, Brooklyn, as a defendant. As its name suggests, the New York City Human Resources Administration's Office of Child Support Enforcement enforces child support orders across the city. "New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)); *see* N.Y.C. Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The Office of Child Support Enforcement is an entity within the New York City government and may not be sued; any claim against it must instead be brought against the City itself. Accordingly, the plaintiff's claim must be dismissed. *See, e.g.*, *Stennett v. N.Y.C. Admin. for Children's Servs.*, No. 21-CV-1069, 2023 U.S. Dist. LEXIS 212422, at *6 (E.D.N.Y. Nov. 29, 2023) (dismissing the plaintiff's claims against the Administration for Child's Services "because New York City agencies are not suable entities"); *Pimentel v. City of New York*, No. 00-CV-326, 2000 U.S. Dist. LEXIS 15395, at *5–6 (S.D.N.Y. Oct. 23, 2000) (same); *Greene v. Pryce*, No. 15-CV-3527, 2015 U.S. Dist. LEXIS 109554, at *1 n.1 (E.D.N.Y. Aug. 18, 2015) (explaining that "the New

York City Human Resources Administration, Office of Child Support Enforcement . . . is not a suable entity under the New York City Charter").

## II.     The Plaintiff Does Not State A Claim

Even if the plaintiff was not barred from bringing his claims against the defendants, he does not allege sufficient facts to state a claim for relief that is plausible on its face.

To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

The Second Circuit interprets federal law to prohibit the withholding of SSI benefits to enforce an individual's legal obligation to pay child support because SSI benefits do not count as money received as payment for employment.  *Sykes v. Bank of Am.*, 723 F.3d 399, 405 (2d Cir. 2013) (holding that SSI benefits "are not attachable" for the purposes of enforcing the legal obligation to remit child support "because they do not constitute monies received in remuneration for employment" (citations omitted)); *see* 42 U.S.C. § 407(a) (providing that "none of the moneys paid or payable or rights existing under [subchapter II of the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process").  Accordingly, if the plaintiff's SSI benefits are indeed being garnished to pay his child support obligations, he may be able to state a claim for relief under Section 1983.  *Sykes*, 723 F.3d at 405 n.4 ("The Supreme Court has noted that 'suits in federal court under § 1983 are proper to secure

5

compliance with the provisions of the Social Security Act on the prat of participating States.'" (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4–5 (1980))).

However, the plaintiff's complaints do not provide sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). The plaintiff must include more detailed factual allegations to state sufficient claims. *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

### III. Leave to Amend

In light of the plaintiff's *pro se* status, the Court grants him leave to file an amended complaint that names proper defendants and pleads sufficient facts to allege each claim against each defendant. To support a claim that his supplemental security income was improperly garnished, the plaintiff should also attach to his amended complaint documents reflecting that he is receiving SSI benefits and that the defendants are garnishing those benefits for his child support obligations.

If the plaintiff seeks to hold the City of New York liable under Section 1983, he must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional or other federal right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dep't of Fin.*, No. 23-CV-2558, 2023 U.S. Dist. LEXIS 91113, at *5–6 (E.D.N.Y. May 24, 2023).

If the plaintiff intends to assert Section 1983 claims against private individuals, he must allege plausible facts suggesting that the individual's actions may be "fairly attributable to the state," *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999), or that the challenged conduct

6

constitutes "state action," *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).  The plaintiff must also state facts showing how each individual defendant was personally involved in violating his rights.  If the plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.

## CONCLUSION

For these reasons, the plaintiff's action is dismissed without prejudice. The plaintiff has 30 days to file an amended complaint, which must be captioned "Amended Complaint" and bear the same docket number as this order: 23-CV-9508 (AMD) (LB). The plaintiff is advised that the amended complaint completely replaces the original complaints. That is, the amended complaint must stand on its own without reference to the original complaints. All further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within the time allowed or show good cause for an extension to file the amended complaint, the Court will direct the Clerk of Court to enter judgment and close this case. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to consolidate the above-captioned actions under No. 23-CV-9508, the first filed action, to close No. 23-CV-9509, and to direct all future filings in either case to No. 23-CV-9508. The Clerk of Court is also respectfully directed to mail a copy of this Memorandum and Order to the plaintiff along with a complaint form and to note the mailing on the docket.

**SO ORDERED.**

                                                          s/Ann M. Donnelly

                                        ANN M. DONNELLY
                                        United States District Judge

Dated:  Brooklyn, New York
          January 8, 2024